```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                       For Online Publication Only
----------------------------------------------------------------X
STEVEN THOMAS,

                        Petitioner,

              -against-                             **ORDER**
                                                    17-CV-5297 (JMA)
PEOPLE (NASSAU),

                        Respondent.
----------------------------------------------------------------X
```

**APPEARANCES:**

Steven Thomas
    *Pro Se Petitioner*

Cristin N. Connell
Nassau County District Attorney's Office
262 Old Country Road
Mineola, NY 11501
    *For Respondent*

**AZRACK, United States District Judge:**

After incarcerated petitioner Steven Thomas filed this pro se habeas petition pursuant to 28 U.S.C. § 2254, respondent filed a motion to dismiss the petition as untimely. For the reasons set forth below, the motion is granted and the petition is dismissed.

## I. BACKGROUND

In 2013, petitioner was convicted in state court of second degree Robbery and third degree Criminal Possession of a Weapon, and was sentenced to a determinate term of fifteen years' imprisonment for the robbery charge along with a concurrent indeterminate sentence of two and one-third to seven years' imprisonment for the possession charge. After the Appellate Division denied petitioner's appeal, the New York Court of Appeals denied leave to appeal on September

1, 2015. See People v. Thomas, 129 A.D.3d 1110 (N.Y. App. Div. 2d Dep't 2015), leave to appeal denied, 26 N.Y.3d 972 (2015).

On November 21, 2016, petitioner filed a writ of error coram nobis with the Appellate Division. (Aff. of Cristin Connell in Supp. of Mot. to Dismiss ¶ 13, ECF No. 6.) That application was denied on May 24, 2017 and, on August 24, 2017, the Court of Appeals denied leave to appeal. People v. Thomas, 150 A.D.3d 1156 (N.Y. App. Div. 2d Dep't), leave to appeal denied, 29 N.Y.3d 1134 (2017).

On August 28, 2017, petitioner received a copy of the Court of Appeals' decision. (Opp. to Mot. to Dismiss, ECF No. 7.) On September 5, 2017, petitioner placed the instant habeas petition in the prison mail system. (Id.) His petition was received and filed by this Clerk of Court on September 8, 2017.

## II. DISCUSSION

Respondent has filed a motion to dismiss the petition, arguing that it is untimely. Petitioner filed an opposition, arguing that the petition is timely.

Because petitioner is pro se, the Court has construed petitioner's submissions liberally "'to raise the strongest arguments that they suggest.'" Walker v. Graham, 955 F. Supp. 2d 92, 100 (E.D.N.Y. 2013) (quoting Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006)).

As explained below, the Court finds the petition is untimely and that there are no equitable grounds to save the petition from dismissal.

**A. Statute of Limitations and Statutory Tolling**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") sets a one-year limitations period for the filing of a petition for a writ of habeas corpus by a person in custody

2

pursuant to a state court conviction. 28 U.S.C. § 2244(d)(1). The applicable one-year period runs from the date on which one of the following four events occurs, whichever is the latest:

>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)–(D).

AEDPA provides for tolling of the one-year period for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

Here, AEDPA's one-year statute of limitations began to run once the 90-day window to file a petition for certiorari in the Supreme Court closed on November 29, 2015. Petitioner's filing of his coram nobis application on November 21, 2016, tolled the statute of limitations with, at most, nine (or possibly even only eight) days remaining for petitioner to file his petition.[1] The statute of limitations began to run again after the Court of Appeals denied leave to appeal on August 24, 2017. Accordingly, petitioner had to file his petition by September 2, 2017. Because the petition was not mailed until September 5, 2017, the petition is untimely.

---

[1] Respondent appears to argue that the statute of limitations was not tolled on the day of November 29, 2015, and, thus, asserts that, absent any tolling, petitioner would have only had until November 28, 2016 (not November 29, 2016) to file his petition. It is unnecessary for the Court to resolve this issue because even assuming, for the sake of argument, that respondent is mistaken on this point and that, absent any tolling, petitioner would have had until November 29, 2016, to file, the petition would still be untimely.

3

Petitioner argues that the statute of limitations was tolled until August 28, 2017—the date that petitioner received the Court of Appeals' decision. The Second Circuit, however, has held that statutory tolling pursuant to § 2244(d)(2) ends once the final state court order is filed, not when it is received by the petitioner. See Geraci v. Senkowski, 211 F.3d 6, 8–9 (2d Cir. 2000). Thus, petitioner's petition is untimely, and must be dismissed as time-barred, unless the Court determines that the limitations period should be equitably tolled.

**B. Equitable Tolling**

Equitable tolling can save an otherwise time-barred petition. AEDPA's one-year limitations period is subject to equitable tolling only if a petitioner "shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 632 (2010) (internal quotation omitted).

The record here does not support application of equitable tolling. An extraordinary delay between a state court's denial of a post-conviction application and the petitioner's receipt of the order denying that application can justify equitable tolling. See Diaz v. Kelly, 515 F.3d 149, 155 (2d Cir. 2008) (equitably tolling statute of limitations where petitioner received notice of the state court order denying his motion seven months after it was issued). Here, however, the routine delay between the filing of the Court of Appeals' August 24, 2017 order and petitioner's receipt of the order four days later is insufficient to warrant equitable tolling. See Saunders v. Senkowski, 587 F.3d 543, 550 (2d Cir. 2009) (finding that "a delay occasioned by the normal course of the mail, as lengthened by a regularly scheduled holiday" does not constitute "an 'extraordinary' circumstance for purposes of equitable tolling"); Garcia v. Smith, No. 11-CV-1332, 2014 WL 905544, at *10 (E.D.N.Y. Mar. 7, 2014) (holding that a seven-day period between state court's

4

denial of leave to appeal and publication of that order in the law journal did not constitute an extraordinary circumstance to warrant equitable tolling).

C. **Actual Innocence**

Finally, actual innocence is an equitable exception to the statute of limitations. To "present a successful gateway claim of actual innocence a petitioner must present 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" Rivas v. Fischer, 687 F.3d 514, 541 (2d Cir. 2012) (quoting Schlup v. Delo, 513 U.S. 298, 316 (1995)). As the Second Circuit has explained,

> To satisfy the Schlup standard, a claim of actual innocence must be both 'credible' and 'compelling.' For the claim to be 'credible,' it must be supported by new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial. For the claim to be "compelling," the petitioner must demonstrate that more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt—or to remove the double negative, that more likely than not any reasonable juror would have reasonable doubt.

Rivas, 687 F.3d at 514 (internal citations and quotation marks omitted).

Here, petitioner, who does not rely any new evidence, cannot show actual innocence.

### III. CONCLUSION

For the reasons stated above, respondent's motion to dismiss is granted and the petition is dismissed as untimely.

Because petitioner has failed to make a substantial showing of a denial of a constitutional right, no certificate of appealability shall issue. See 28 U.S.C. § 2253(c)(2). The Court further certifies pursuant to 28 U.S.C. §1915(a) (3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See

5

Coppedge v. United States, 369 U.S. 438, 444-45 (1962).  The Clerk of Court is directed to enter judgment accordingly, close this case, and mail a copy of this Order to petitioner.

**SO ORDERED.**

Dated:  July 5, 2018
Central Islip, New York

                                                      /s/  (JMA)
                                      JOAN M. AZRACK
                                      UNITED STATES DISTRICT JUDGE